IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By jbergen at 2:55 pm, Apr 02, 2015*

IN RE:                             )
                                   )
CHARLES PATRICK SAPP               )          CHAPTER 7 CASE
                                   )          NUMBER 11-20841
       Debtor                      )
_____        )
                                   )
R. MICHAEL SOUTHER                 )
                                   )
       Trustee/Movant              )
                                   )
v.                                 )
                                   )
FIRST BANK OF COASTAL GEORGIA      )
                                   )
       Creditor/Respondent         )
                                   )

**OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO PROOF OF CLAIM**

This matter comes before me on the objection of the chapter 7 Trustee ("Trustee") to Amended Claim No. 3 of First Bank of Coastal Georgia ("First Bank"). (ECF No. 92.)[1] The Trustee objects to First Bank's classification of the claim as secured. The Trustee's objection is sustained. First Bank's claim is unsecured.

**FINDINGS OF FACT**

The facts of this case are not in dispute.[2] On January 12, 2010, First Bank obtained a money judgment ("Judgment") against Debtor Charles Patrick Sapp through the State Court of

---

[1] References to the chapter 7 case docket appear in the following format: (ECF No. ____.)

[2] Unless otherwise indicated, all facts are taken from the parties' joint stipulations. (ECF No. 117.)

AO 72A
(Rev. 8/82)

Glynn County, Georgia. The Judgment was for the principal sum of $701,750.00, plus accrued interest as of September 1, 2009, in the amount of $116,646.43; interest accruing thereafter; and attorney's fees and costs.

On February 5, 2010, a writ of fieri facias was issued for the Judgment, and on February 16, 2010, it was recorded on the General Execution Docket in Glynn County ("Judgment Lien").

On July 20, 2011, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

At the time of the bankruptcy filing, the Debtor was involved in a Glynn County Superior Court divorce proceeding ("Divorce Proceeding"). In connection with the Divorce Proceeding, the Debtor filed a lis pendens notice with the Clerk of Superior Court, claiming an interest in the couple's formal marital residence in Glynn County ("Marital Residence").

The Debtor's initial schedules filed with the bankruptcy petition did not reflect any interest in the Marital Residence. However, upon discovering the Debtor's filing in the Superior Court, the Trustee asserted that any equitable interest the Debtor had in the Marital Residence at the time of the filing was property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

The Debtor challenged this assertion on the basis that any property received would be the result of a property

settlement more than 180 days post-petition, which would not be property of the bankruptcy estate under 11 U.S.C. § 541(a)(5).

The Debtor and the Trustee reached a settlement ("Settlement") in which the Debtor agreed that half of any property interest received in the Divorce Proceeding belonged to the bankruptcy estate.

On March 11, 2013, the Trustee filed a motion to approve the Settlement. (ECF No. 59.) A notice was mailed to all interested parties. No objection or request for a hearing was filed within the twenty-one days provided for in the notice.

On April 17, 2013, an order was entered approving the Settlement. (ECF No. 60.)

In the Divorce Proceeding, the Debtor was ultimately awarded a forty percent interest in the Marital Residence. The residence was sold and the bankruptcy estate received $181,299.35 ("Settlement Proceeds") as a result of the sale.

First Bank filed a proof of claim for $296,305.89 asserting a secured interest in the Settlement Proceeds based on the Judgment Lien.[3] (Am. Claim No. 3, Sept. 5, 2014.) The Trustee objected to First Bank's classification of its claim as secured. (ECF No. 92.)

---

[3] First Bank's amended proof of claim reflects a reduction of the original judgment amount following First Bank's levy on and sale of other real property more than a year before the bankruptcy. (ECF No. 80.)

into

## CONCLUSIONS OF LAW

When the Debtor filed the bankruptcy petition, First Bank held a general judgment lien. For the following reasons I find that First Bank's Judgment Lien did not attach to the Debtor's interest in the Marital Residence before it entered the bankruptcy estate and that no authority supports the attachment of the Judgment Lien to property of the bankruptcy estate.

### I.

### First Bank's Judgment Lien Did Not Attach to the Debtor's Interest in the Marital Residence Before It Entered the Bankruptcy Estate.

Bankruptcy Courts look to state law to determine property interests, including the validity and effect of liens in the bankruptcy context. Butner v. United States, 440 U.S. 48, 55 (U.S. 1979); In re Computer Room, Inc., 24 B.R. 732, 735 (Bankr. N.D. Ala. 1982) (citing Meyer v. United States, 375 U.S. 233, 238 (1963)("The law of the state where the property is situated governs the validity, nature and effect of a lien on the property of a bankrupt."))

Under Georgia law, the Debtor's interest in the Marital Residence prior to a final judgment in the Divorce Proceeding was a chose in action. Georgia law defines a chose in action broadly as "personalty to which the owner has a right of possession in the future or a right of immediate possession which is being

wrongfully withheld." O.C.G.A. § 44-12-20. The Debtor asserted a property interest in the Marital Residence recoverable in the Divorce Proceeding but not yet reduced to possession.

Under Georgia law, a judgment lien generally attaches to all of the judgment debtor's property, both present and after-acquired. O.C.G.A. § 9-12-80. However, Georgia law specifically excludes a chose in action: "Choses in action are not liable to be seized and sold under execution, unless made so specially by statute." O.C.G.A. § 9-13-57; see Prodigy Ctrs./Atlanta No. 1 L.P. v. T-C Assocs., Ltd., 501 S.E.2d 209, 211 n.3 (Ga. 1998)(citing Fid. & Deposit Co. of Maryland v. Exch. Bank of Macon, 28 S.E. 393, 395 (Ga. 1897)("[judgment lien] attaches only to such property of the debtor as is capable of seizure and sale under execution based upon such judgment")); In re Rose Marine, Inc., 203 B.R. 511, 514 (Bankr. S.D. Ga. 1996)(debtor's pre-petition claim constituted chose in action against which judgment lien did not attach).

In order to reach the interest, i.e., the property, of a debtor in a chose in action, some collateral proceeding, such as a summons of garnishment, is necessary to fix a judgment lien. Prodigy Ctrs./Atlanta No. 1 L.P. v. T-C Assocs., Ltd., 501 S.E.2d at 211; Gen. Lithographing Co. v. Sight & Sound Projectors, Inc., 196 S.E.2d 479, 481 (Ga. App 1973); see also In re Rose Marine,

AO 72A
(Rev. 8/82)

203 B.R. at 514 (applying requirement of summons of garnishment in a bankruptcy case).

First Bank did not initiate the additional proceeding necessary to attach the Judgment Lien to the Debtor's chose in action. Accordingly, the Judgment Lien did not attach and the chose in action came into the bankruptcy estate free and clear of any liens. See, e.g., In re Rose Marine, Inc., 203 B.R. at 514.

## II.

### No Authority Supports the Attachment of First Bank's Judgment Lien to Property of the Bankruptcy Estate.

I have previously ruled that a pre-petition judgment lien did not attach to the proceeds of the Trustee's post-petition settlement of a pre-petition cause of action held by the debtor. In re Rose Marine, 203 B.R. at 513. I held that the pre-petition cause of action constituted a chose in action to which a judgment lien did not automatically attach. Id. at 514.

The facts of the present case are not meaningfully different. There, as here, the creditor failed to take the necessary action to attach its judgment lien to the chose in action. Id. Thus, the result here is the same: the proceeds of the chose in action are free and clear of the Judgment Lien. See id.; In re Schwartz, 383 B.R. 119, 126 (B.A.P. 8th Cir. 2008)(unencumbered property is available to the Trustee for sale with distribution of proceeds to creditors.); see also In re

DotMD, LLC, 303 B.R. 519, 527 (Bankr. N.D. Ga. 2003) (judgment lien did not attach to proceeds from the trustee's settlement of bankruptcy estate's pre-petition cause of action) aff'd, 145 F. App'x 326 (11th Cir. 2005); In re Fuller, 134 B.R. 945, 949 (B.A.P. 9th Cir. 1992) (pre-petition lien did not attach to property brought into the bankruptcy estate after the petition date under section 541(a)(5)).

The two cases First Bank cites do not support the proposition that the Judgment Lien attaches to property of the bankruptcy estate post-petition.

First, my ruling in In re Veteran's Choice Mortgage distinguished between a pre-petition fraudulent transfer and a pre-petition preferential transfer. 291 B.R. 894, 896 (Bankr. S.D. Ga. 2003). I held that a pre-petition judgment lien might attach to property brought into the bankruptcy estate through an act to recover a fraudulent transfer, but would not attach to property brought into the estate through an act to recover a preferential transfer. Id. at 896. I based this ruling on the fact that a creditor does not have a state law right equivalent to the Trustee's right to recover preferential transfers under the bankruptcy code. Id. at 897.

Here, similar to a preferential transfer, First Bank does not have a state law right to the proceeds of the sale of the Marital Residence. When the Debtor's chose in action became

property of the bankruptcy estate, the Trustee received a right to the chose in action similar to what a third party would have received through an assignment. See O.C.G.A. § 44-12-24 (chose in action involving a right of property is assignable); Nat'l Union Fire Ins. Co. of Pittsburgh v. Olympia Holding Corp., No. 1:94-CV-2081, 1996 WL 33415761, at *7 (N.D. Ga. June 4, 1996) (citing Reliance Ins. Co. of Illinois v. Weis, 148 B.R. 575, 581 (E.D. Mo. 1992)) (Trustee stands in the shoes of the debtor in cause of action belonging to the debtor). Under Georgia law, when a chose in action is assigned to a third party before a judgment lienholder institutes the necessary collateral proceeding, the chose in action passes free and clear of the lien. Greenwood v. Greenwood, 173 S.E. 858, 861 (Ga. 1934). Accordingly, First Bank no longer has a right under state law to attach its lien to the chose in action or the proceeds thereof.

Second, although the District Court found in In re Lively that a pre-petition judgment lien attached to real property transferred to the bankruptcy estate as part of a settlement, the settlement in that case resolved the Trustee's assertion of an interest in both inherited property, a chose in action under Georgia law, and property recovered from a fraudulent transfer. 74 B.R. 238 (S.D. Ga. 1987) aff'd sub nom., Walker v. Claussen Concrete Co., 851 F.2d 363 (11th Cir. 1988). The District Court's ruling in In re Lively has been properly

limited to cases involving fraudulent transfers. See In re Lowenstein, 361 B.R. 326, 334 (Bankr. D. Mass. 2007)(stating Lively found that a judgment lien attached to the proceeds from the Trustee's sale of property fraudulently conveyed to the debtor's spouse by a corporation owned by the debtor); In re Silver, 302 B.R. 720, 724 (Bankr. D.N.M. 2003) (classifying Lively as a case in which creditor had a valid judgment lien which followed the property into the hands of the fraudulent transferee, which transfer the trustee undid); In re Amtron, Inc., 192 B.R. 130, 132 (Bankr. D.S.C. 1995)(describing Lively as involving a pre-petition judgment lien secured against property recovered by trustee's fraudulent conveyance action). But see In re Fuller, 134 B.R. at 949 ("The Government also argues that its position is supported by [Lively], where the court allowed a pre-petition judicial lien to attach to a post-petition acquisition.").

Here, the property at issue was not brought into the bankruptcy estate as a result of a recovery of a fraudulent transfer. Thus, the ruling in In re Lively is not applicable. See, e.g., In re Amtron, Inc., 192 B.R. at 132.

## ORDER

Having determined that First Bank's judgment lien did not attach to the proceeds of the Trustee's settlement, the Trustee's objection is **ORDERED SUSTAINED**; and

**FURTHER ORDERED** that First Bank's claim is wholly unsecured.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 2 day of April, 2015.